THE STATE OF OHIO, APPELLEE, *v.* JACKSON, APPELLANT.

[Cite as State v. Jackson (1971), 26 Ohio St. 2d 74.]

(No. 70-311—Decided April 21, 1971.)

*Mr. Harry Friberg,* prosecuting attorney, and *Mr. Anthony J. Pizza,* for appellee.

*Messrs. Cannon, Burns, Holt & Mickel* and *Mr. Robert A. Burns,* for appellant.

HERBERT, J. The basic question raised by this appeal is whether exhibition of the suspect's photograph to a witness immediately prior to the line-up so tainted the witness's subsequent in-court identification as to render it inadmissible.

It must be noted at the outset that appellant's counsel was present at the line-up, and no objection is made to the composition of the line-up itself. The sole question is whether exhibition of the appellant's photograph to Grunden so influenced his identification as to render it inadmissible.

It is appellant's position that even though he was represented by counsel, the precepts enumerated in *United States* v. *Wade* (1967), 388 U. S. 218, 18 L. Ed. 2d 1149; *Gilbert* v. *California* (1969), 388 U. S. 263, 18 L. Ed. 2d 1178; and *Foster* v. *California* (1969), 394 U. S. 440, 22 L. Ed. 2d 402, were violated when Grunden was shown the photograph without the knowledge and consent of appellant's counsel.

Those cases relied upon by the appellant hold that the line-up is a stage of criminal proceedings at which the accused is entitled to representation, and that line-ups must be conducted in a fair and impartial manner. They do not, however, bar line-up identifications, or even hold that where there is an improper line-up an in-court identification by the witness is necessarily inadmissible.

The prevailing theme which appears throughout those cases is that an in-court identification of the accused is proper if the witness's identification is based upon independent observation of the accused prior to the line-up, and is not a result of an improper line-up. If the witness's identification is of independent origin and is not based upon an exploitation of the accused's rights by an improper line-up, it is admissible. In other words, the fact that a line-up was improperly conducted does not bar the in-court identifica-

tion by the witness unless such identification was a direct result of the line-up.

The test as to admissibility is set forth in the opinion in *Wade,* at page 241, and reads:

"We think it follows that the proper test to be applied in these situations is that quoted in *Wong Sun* v. *United States,* 371 U. S. 471, 488, ' "[W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Maguire, Evidence of Guilt 221 (1959).' See also *Hoffa* v. *United States,* 385 U. S. 293, 309. * * *"

In determining whether the in-court identification was a result of an improper line-up or came from some independent recollection and observation of the accused by the witness, the cases hold that the totality of the circumstances surrounding the identification must be considered. *United States* v. *Wade, supra* (388 U. S. 218); *Gilbert* v. *California, supra* (388 U. S. 263); *Stovall* v. *Denno* (1967), 388 U. S. 293, 18 L. Ed. 2d 1199; *Foster* v. *California, supra* (394 U. S. 440); *Simmons* v. *United States* (1968), 390 U. S. 377, 19 L. Ed. 2d 1247; *Coleman* v. *Alabama* (1970), 399 U. S. 1, 26 L. Ed. 2d 387.

Turning to a consideration of the case at bar and the circumstances underlying Grunden's identification of appellant, it is clear at the outset that the witness should not have been shown the accused's photograph prior to the line-up. We strongly admonish against such procedure. However, that incident, alone, is not determinative of whether the witness's in-court identification of the appellant during his trial was admissible. Determination of that issue depends upon the aforementioned totality of the circumstances surrounding the identification.

The robber in the instant case came into a lighted store with his face completely uncovered. He was in the store and within the observation range of the witness for about five minutes. For at least a part of that time, the witness was engaged in waiting on the robber, and at the end of

the proceedings was face-to-face with him, having been ordered to follow the robber to the front door as he backed out of the store. It is clear from these facts that the witness had a clear and unobstructed view of the robber and had an adequate opportunity to observe him. The fact that the witness's identification was based upon his observations at the scene of the crime is substantiated in that some three days later the witness picked appellant's photograph out of a group of mug shots exhibited to him by the police, and tentatively identified him as the robber. He did not want to make a positive identification until he saw the accused in person. The witness explained this at the trial by stating that the hair style was different and the robber's skin was lighter than was shown in the photograph.

There was no error by the police in showing the witness a group of mug shots as part of their investigation in identifying the robber. *Simmons* v. *United States, supra* (390 U. S. 377).

When it was discovered during trial that this same photograph was shown the witness again immediately prior to the line-up, the question was raised as to whether such picture influenced his identification at the line-up. In answer to a direct question as to whether the picture assisted him or changed his view as to the identification, the witness stated: "No, it didn't."

On cross-examination, the witness did equivocate some, as is shown by the following statement from the record:

"Q. You cannot say that you would have picked this man out if you had not seen that photograph minutes before you went up to that line-up, can you?

"A. That I couldn't say. I couldn't say that I wouldn't have."

That certainly is not a clear statement that the photograph in any way tainted or even influenced the witness's in-court identification.

In an exhaustive opinion, the trial court found from the totality of the circumstances surrounding Grunden's identification of appellant that such identification was properly based upon Grunden's prior independent observations made at the scene of the crime. The trial court's conclu-

sion is amply supported by the record. Therefore, the judgment of the Court of Appeals will be affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, DUNCAN, STERN and LEACH, JJ., concur.

CORRIGAN, J., concurs in the syllabus but dissents from the judgment.