THE STATE OF OHIO, APPELLEE, *v.* HURT, APPELLANT.

[Cite as State v. Hurt (1972), 30 Ohio St. 2d 86.]

(No. 71-548—Decided May 10, 1972.)

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. John H. Carson, Jr.,* for appellee.

*Mr. James R. Willis,* for appellant.

SCHNEIDER, J. At the outset it should be noted that the alleged illegal confrontation came before the indictment of March 18, 1969.

Although some courts have restricted *United States* v. *Wade* (1967), 388 U. S. 218, and *Gilbert* v. *California* (1967), 388 U. S. 263, to post-indictment confrontations, as in *People* v. *Palmer* (1969), 41 Ill. 2d 571, 244 N. E. 2d 173, we adopt the view expressed in *State* v. *Isaacs* (1970), 24 Ohio App. 2d 115, 117: ". . . the better view, the one most responsive to the reasoning in the *Wade* and *Gilbert* cases . . . is that the *Wade* and *Gilbert* rules extend to any lineup conducted where the prosecutive process has shifted from the investigatory stage to the accusatory stage and focuses on the accused, except in emergency situations such as the *Stovall* case, *supra* [388 U. S. 293]."[1]

The first issue before us is whether a courtroom identification of an accused is to be excluded from evidence because the accused was exhibited to witnesses before trial at a "confrontation" conducted for identification purposes in the absence of counsel.

Both *Wade* and *Gilbert* hold that when an accused, in custody, has been exhibited in a pre-trial lineup without assistance of counsel, the government must establish one of the following: (1) By clear and convincing evidence, that the in-court identification had an origin independent of the lineup identification; (2) that error in the admission of both the in-court identification and the lineup identification was harmless; *or* (3) that the accused knowingly, intelligently, understandingly and voluntarily waived his right to the assistance of counsel.

While the fundamental principle of *Wade* is that some prophylaxis is necessary at a police lineup to assure a fair identification procedure, we find much too little in this record to anchor a waiver of appellant's right to counsel at the confrontation.

The Cleveland police authorities were well aware of appellant's insistence on having counsel present at any

---

[1]In *Stovall*, a single suspect confrontation held in a hospital room was found to comport with due process because the victim, the sole source of identification, was in danger of death. To have conducted a lineup would have entailed fatal delay.

*lineup* proceedings. However, one police officer testified that appellant was persuaded to forego the lineup and submit to a "confrontation" with his accusers in the absence of counsel. This witness also testified that the accused consented to such confrontation in the absence of counsel. Appellant denied this, both at trial and during the hearing on the motion to suppress.

In *State* v. *Jackson* (1971), 26 Ohio St. 2d 74, we noted that both *Wade* and *Gilbert* "do not . . . bar line-up identifications, or even hold that where there is an improper line-up an in-court identification by the witness is necessarily inadmissible."

Thus, as in the instant case, when an accused in custody has been exhibited in a pre-trial confrontation without assistance of counsel, the government must establish by clear and convincing evidence that the in-court identification had an independent origin, or that error in its admission was harmless. See *United States* v. *Wade, supra* (388 U. S. 218).

". . . the proper test to be applied in these situations is that quoted in *Wong Sun* v. *United States,* 371 U. S. 471, 488, '[W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' . . .

"In determining whether the in-court identification was a result of an improper line-up or came from some independent recollection and observation of the accused by the witness, the cases hold that the *totality of the circumstances* surrounding the identification must be considered." (Emphasis supplied.) *State* v. *Jackson, supra* (26 Ohio St. 2d 74, 77), and cases cited therein.

We cannot condone the use by police of a pre-trial confrontation to firm up the uncertain memories of potential witnesses where a normal jailhouse lineup could be arranged. The use of a non-lineup confrontation "is, at the least, a practice fraught with perils to a degree suggesting

its sparing use as the part of prudence." See *Clemons* v. *United States* (C. A. D. C. 1968), 408 F. 2d 1230, 1240-1241, as cited in *United States* v. *Jackson* (C. A. 9, 1971), 448 F. 2d 963, 967. We have no such problem of compelling urgency here. There was ample time to conduct a traditional lineup. However, that omission alone is not determinative of the admissibility of the in-court identification of appellant.

The three robberies took place in the early evening and daytime hours. The robber wore no mask, thus giving the victims an unobstructed view of the robber while the crimes were in progress. Three witnesses made "positive" in-court identifications of appellant, even though he had shaved his mustache, head and eyebrows after the robbery. See *Wade* v. *United States, supra* (388 U. S. 218, 241).

Furthermore, one witness gave the police a description and the license number of the car used by appellant during the robbery.[2] Notwithstanding cross-examination, none of the witnesses displayed any doubt about their identification. Thus, the state established by clear and convincing evidence that each witness had a reliable independent source for his testimony, and the trial court's conclusion that each in-court identification of appellant was properly based upon the witness' prior independent observations made at the scene of the crime is amply supported by the record.

The second issue before us is whether the conduct of the police confrontation was so impermissibly suggestive as to violate due process of law.

*Stovall* v. *Denno* (1966), 388 U. S. 293, 302, held that an identification procedure will be set aside only when it is "so unnecessarily suggestive and conducive to irreparable mistaken identification that . . . [the accused]

[2]Both witnesses Sims and Cwirk described the accused as being approximately 20 to 22 years old, 5 feet 8 inches in height, weighing approximately 150 to 170 pounds. Witness Bycoskie described the accused as between 24 to 30 years old and approximately 150 to 170 pounds. At the time of trial the accused measured 5 feet 8 inches in height and weighed approximately 120 to 126 pounds.

was denied due process of law." The rule was restated and applied in *Simmons* v. *United States* (1968), 390 U. S. 377.

Of the United States Supreme Court cases in which this confrontation issue has been presented, only *Foster* v. *California* (1969), 394 U. S. 440, reversed a conviction because of the impermissible suggestiveness of the confrontation.[2] See *Cooper* v. *Picard* (D. C. Mass. 1970), 316 F. Supp. 856.

In the instant case, appellant was presented to his accusers accompanied only by his alleged accomplice, and the participants in the improper confrontation were not *grossly* dissimilar in appearance. Appellant was not required to wear distinctive clothing, nor were the accusers told by the police that they had caught the culprit. See *United States* v. *Wade, supra* (388 U. S. 218, 241), and *United States* v. *Gambrill* (C. A. D. C. 1971), 449 F. 2d 1148, n. 3.

While there is no doubt that some suggestiveness unavoidably inheres in every confrontation, the factors already discussed countervail to insulate the improper confrontation against a constitutional violation. See *United States* v. *Perry* (C. A. D. C. 1971), 449 F. 2d 1026.

The third issue is whether, when a confrontation is held in the absence of counsel, the state may introduce testimony of any prior identification made during such confrontation.

As stated in *Gilbert* v. *California, supra* (388 U. S. 263), at 272-274, such testimony is the "direct result of the illegal lineup 'come at by exploitation of [the primary] illegality.' " Thus, only a "*per se* exclusionary rule . . . can be an effective sanction to assure that law enforcement authorities will respect the accused's constitutional right to the presence of his counsel at the critical lineup." However, such rule is qualified by the harmless error standard of *Chapman* v. *California* (1967), 386 U. S. 18, 24.

We find that the positive in-court identifications of ap-

---

[2] In *Foster*, two lineups were held, one of which unmistakably highlighted the defendant, as well as a one-to-one confrontation.

pellant by the three victims and the apprehension of appellant in a car, the license number of which was given to the police by one of the victims, is sufficient to establish that the admission of testimony relating to the improper pretrial confrontation was harmless beyond a reasonable doubt.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.