THE STATE OF OHIO, APPELLEE, *v.* McDANIELS, APPELLANT.

(No. 11967—Decided May 30, 1972.)

*Mr. Simon L. Leis, Jr.,* and *Mr. Leonard Kirschner,* for appellee.

*Mr. James N. Perry,* for appellant.

*Per Curiam.* This cause came on to be heard on questions of law, the transcript of the docket and journal entries, the original papers from the Court of Common Pleas of Hamilton County, the transcript of the evidence, the assignments of error, and the briefs and arguments of counsel.

Defendant, appellee herein, presents two assignments of error. In the first assignment, the claim is made that the trial court erred in failing to strike an in-court identification which had been made subsequent to an out-or-court lineup where the defendant was not represented by counsel.

In support of his claim, defendant cites *Gilbert* v. *California*, 388 U. S. 263; *United States* v. *Wade*, 388 U. S. 218; and *State* v. *Isaacs*, 24 Ohio App. 2d 115, which applies *Gilbert* and *Wade* to Ohio.

In *State* v. *Lathan*, 30 Ohio St. 2d 92, at 96, the court held as follows:

"The dictates of *Wade* and *Gilbert* do not require the automatic exclusion of an in-court identification so long as the state can either establish by clear and convincing evidence that the in-court identification was based upon an observation of independent origin other than the pretrial confrontation, or, that the error in its admission was harmless." In accord, see *State* v. *Hurt*, 30 Ohio St. 2d 86 and *State* v. *Jackson*, 26 Ohio St. 2d 74.

An examination of the record discloses that the state established by clear and convincing evidence that the witness in the instant case had an unobstructed view of the accused at the scene of the crime. The trial court's conclusion that the in-court identification was properly based upon the witness' prior independent observations is amply supported by the record.

The in-court identification of the accused was properly admitted. The first assignment of error is without merit.

In the second assignment, the claim is made that the trial court erred in overruling defendant's motion to dismiss. This claim is based upon the failure of the prosecution to establish an intent to carry the victim out of the

state, allegedly an essential element of the crime of kidnapping under R. C. 2901.26.

The only construction that R. C. 2901.26 will bear is that the wording and punctuation of the initial provisions are disjunctive. Therefore, intent to carry a person out of the state is an element only of the statutory prohibition of R. C. 2901.26 against any person unlawfully arresting or imprisoning another, which is an offense separate and distinct from other provisions of this section. This conclusion is in accord with *Samson* v. *State,* 37 Ohio App. 79.

In the alternative, defendant argues that such a construction renders R. C. 2901.26 unconstitutionally vague.

The terms "kidnap, or forcibly or fraudulently carry off, detain, or decoy a person," as contained in this section, are words of common understanding susceptible to precise definition. Therefore, R. C. 2901.26, as construed herein, defines an ascertainable standard of prohibited conduct and is not unconstitutionally vague.

The trial court correctly overruled appellant's motion to dismiss. The second assignment of error is without merit.

It is, therefore, ordered by the court that the judgment of the Court of Common Pleas of Hamilton County, Ohio, be and the same hereby is, affirmed.

*Judgment affirmed.*

HESS, P. J., YOUNG and SHANNON, JJ., concur.