THE STATE OF OHIO *v.* FIELDS.

(No. 78 CR B 516—Decided April 18, 1979.)

Belmont County Court, Western Division.

*Mr. Edward G. Sustersic,* prosecuting attorney, and *Mr. James L. Nichelson,* for plaintiff.

*Mr. John A. Paleudis,* public defender, and *Ms. Jane Y. Cheffy,* for defendant.

WHITE, J. This matter is before the court on the motion of defendant to suppress his arrest and all evidence derived therefrom on the grounds that the arrest was illegal under R. C. 2935.03 and 2935.041, and unconstitutional under the 4th and 14th Amendments to the U. S. Constitution.

Defendant further moves to suppress testimony regarding a pre-trial identification of defendant as being obtained without due process of law, and to suppress in-court identification by the same party as tainted by the pre-trial encounter.

At the initial evidentiary hearing, defendant called and examined the arresting officer. The state called no witnesses. At a further evidentiary hearing requested by the court, the same witness was recalled by the court and examined by court and counsel as to a specific issue.

It is upon the evidence adduced thereat and the memoranda of counsel submitted that the court bases its decision herein.

## FINDINGS OF FACT

Defendant was arrested on December 19, 1978, at the Ohio Valley Mall and was charged with petty theft (R. C. 2913.02) of a coat from the Jean Nicole Shop therein.

The arresting officer, John Sroka, was called to the scene through the internal security system and advised by a Jean Nicole employee, Kathy Zorne, that a possible shoplifter described as a six-foot black male had exited through the fire door carrying a red shopping bag. None of the events related to the officer by the store employee were viewed by the officer.

Officer Sroka was at the time a Richland Township Constable, appointed and compensated by the Richland Township Trustees and assigned to duty at the Ohio Valley Mall pursuant to a contract between the trustees and mall management. Under the terms of his appointment, Sroka could be assigned to other areas of the township for the performance of constabulary duties, but, in fact, had not been.

Following pursuit through various areas of the mall by the officer, the employee and some private citizens, in what can best be summarized a "there he goes" chase, defendant was apprehended in an automobile on an access road by Officer Sroka. Defendant was advised by the officer that he was under arrest for shoplifting.

Defendant did not have in his possession the stolen property; it was found abandoned in the parking lot. Defendant was then taken to the mall security office and was seated in a room with another officer. During this period Kathy Zorne entered an adjoining office in which Officer Sroka and others were present.

Officer Sroka testified that prior to Miss Zorne's appearance a decision had been made to formally charge defendant with theft and that some confusion existed as to the proper "paperwork" involved.

Miss Zorne was asked if she could identify the "suspect" whom she saw at the time the offense occurred. Upon answering affirmatively, Miss Zorne was permitted to view defendant in profile through the 1 - 1½ foot opening of a doorway, while defendant was seated with another officer.

Of all the parties present, defendant was the only black.

## CONCLUSIONS OF LAW

I. *The Arrest*

R. C. 2935.03 reads:

"A sheriff, deputy sheriff, marshal, deputy marshal, police officer, or state university law enforcement officer appointed under section 3345.04 of the Revised Code shall arrest and detain a person found violating a law of this state, or an ordinance of a municipal corporation, until a warrant can be obtained.

"When there is reasonable ground to believe that an offense of violence, a theft offense as defined in section 2913.01 of the Revised Code, or a felony drug abuse offense as defined in section 2925.01 of the Revised Code, has been committed, a sheriff, deputy sheriff, marshal, deputy marshal, police officer, or state university law enforcement officer appointed under section 3345.04 of the Revised Code may arrest without a warrant any person whom he has reasonable cause to believe is guilty of the violation, and detain him until a warrant can be obtained.

"A constable within the limits of the township in which said constable has been appointed or elected, shall arrest and detain a person found by him in the commission of a misdemeanor, either in violation of a law of this state or an ordinance of a village, until a warrant can be obtained."

Although the offense herein is a theft offense, the legislative intent is clear that township constables, in the exercise of their arrest powers, do not fall within the exceptions to the view requirement.

The exceptions of R. C. 2935.041 likewise do not apply:

"(A) A merchant, or his employee or agent, who has probable cause to believe that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may, for the purposes set forth in division (C) of this section, detain the person in a reasonable manner for a reasonable length of time within the mercantile establishment or its immediate vicinity.

"* * *

"(C) An officer, agent, or employee of a library, museum, or archival institution pursuant to division (B) of this section or a merchant or his employee or agent pursuant to division (A) of this section may detain another person for any of the following purposes:

"(1) To recover the property that is the subject of the unlawful taking, criminal mischief, or theft:

"(2) To cause an arrest to be made by a peace officer;

"(3) To obtain a warrant of arrest."

Thus, the arresting officer not having viewed any element of the offense charged did not have the authority to arrest defendant upon apprehension. There can be little doubt that defendant was in fact arrested by this officer in that he was, by the officer's conduct, prohibited from continued travel, removed to another location, and detained there pending the filing of formal charges.

If the arrest was illegal all evidence obtained by the state as a result of that arrest must be suppressed. Sroka was not a merchant, the employee of a merchant or the agent of a merchant. He was appointed and compensated by the township and could exercise his statutory powers of arrest within the township of his appointment and his other duties within the county. Although he might receive direction for the perfor-

mance of his duties from mall management as a result of his assignment, that alone is not sufficient to establish an agency status between him and an individual merchant in the mall for the performance of those duties.

R. C. 2935.03 and 2935.041 are consistent in their application. In the exercise of his statutory powers a township constable cannot be the agent of any private individual or entity.

## II. The Pre-Trial Identification

In considering the prejudicial effect of a pre-trial identification of a defendant close to the time and place of the offense, the court must balance the potential prejudice against both the legitimate interest of promptly identifying suspects, so that innocent parties are not wrongfully detained and the surrounding circumstances which might otherwise dictate a prompt confrontation.

In the instant case, the arresting officer and his colleagues had already decided to formally charge the defendant, and were in the process of doing so, when the identification by Ms. Zorne took place. Thus, her identification was not necessary to establish probable cause for the arrest. In their minds, they already had the right man.

Furthermore, no exigent circumstances existed which would otherwise dictate the prompt identification of defendant. There was no reasonable danger that Ms. Zorne would be unavailable for a later identification or that her faculties for observation or communication would then be impeded.

Under such circumstances, no valid reason existed for a prompt identification, and since the proceedings had reached the accusatory stage, a compelling interest to protect the accused's right to counsel did exist, *State* v. *Hurt* (1972), 30 Ohio St. 2d 86; *State* v. *Tingler* (1972), 31 Ohio St. 2d 100.

The question then becomes one of whether defendant was prejudiced by the pre-trial confrontation. The court concludes that he was in that the confrontation was unnecessarily suggestive and conclusive to irreparable mistake to amount to a denial of due process, *United States* v. *O'Connor* (U.S.D.C. 1968), 282 F. Supp. 963.

The "unnecessarily" aspect of this conclusion has been discussed above. As to the "suggestive" aspect, the court finds that a situation in which the party identified is the only black

man; in the security office of the establishment in which the offense took place; in company with law enforcement and other security personnel; at the conclusion of a chase; when viewed from another room; through a door open approximately one and one-half feet wide; and in profile only, creates sufficient suggestibility to generate prejudice.

Therefore under the "totality of circumstances test" of *State* v. *Lathan* (1972), 30 Ohio St. 2d 92, the pre-trial identification of defendant should be suppressed.

## III. The In-Court Identification

Once the court has determined that a pre-trial identification procedure is sufficiently prejudicial to warrant suppression, the question may then arise as to the admissibility of an in-court identification by the same witness. The question was raised herein by the pre-trial motion of defendant herein.

Under the standards set forth in *State* v. *Lathan, supra,* and *United States* v. *O'Connor, supra,* once the defendant has met the burden of establishing the inadmissibility of the pre-trial identification, the burden falls upon the state to establish by clear and convincing evidence that an in-court identification by the same witness has an origin independent of the pre-trial procedure.

At the hearing on the motion herein, the state did not put forth any direct evidence as to the origin of any potential in-court identification by Ms. Zorne, other than the fact that she advised Officer Sroka that the suspect was a six foot black man in a beige leather coat carrying a red shopping bag, and by once "identifying" the defendant by "There he goes!" during the prolonged chase. This evidence was presented by Officer Sroka. Ms. Zorne was not called to the stand.

The court found no evidence before it as to the duration of the witness's observation of the suspect; the distance and angle of her observation; the lighting; any existing impediments to observation or any other circumstance of her observation; the totality of which could establish an independent origin for identification.

The hearing on the properly and timely filed pre-trial motion to suppress forecloses the evidence on the issue raised. Any in-court identification of the defendant by Ms. Zorne is suppressed.

## CONCLUSION

Upon evidence adduced at hearing on defendant's pre-trial motion to suppress, the motion is granted as follows:

1. Defendant's arrest and all evidence obtained by the state as a result thereof are suppressed, the arrest being made without lawful authority;

2. The pre-trial identification of defendant by Kathy Zorne on December 19, 1978, is suppressed as being unnecessarily suggestive;

3. The in-court identification of defendant by Kathy Zorne is suppressed as not being proven by clear and convincing evidence to have an origin independent of the aforementioned pre-trial identification.

*Motion to suppress, granted.*