DECISION AND JUDGMENT ENTRY
This is an appeal of conviction and sentence of the Scioto County Court of Common Pleas that found Defendant-Appellant Anthony Browner guilty of Aggravated Robbery in violation of R.C. 2911.01(A)(1). Browner challenges the trial court's denial of his motion to suppress the photo array identification and asserts that his conviction is against the manifest weight of the evidence. We affirm.
STATEMENT OF THE CASE
On the evening of August 10, 1999, Browner entered the Ashland Mart in Scioto County. He held the clerk on duty, Ricky Bradley, at knifepoint, robbed the Ashland Mart and left. Bradley called the police. Two days later, on August 12, 1999, Bradley saw Browner in the park in Portsmouth and alerted the police. Browner was arrested. Later that same day, Bradley was shown a photo array and selected Browner's photo from the array. Other witnesses were also shown the photo array and all but one chose Browner's photo from the array. On August 27, 1999, the Scioto County Grand Jury returned an indictment against appellant, charging him with the first-degree felony of Aggravated Robbery in violation of R.C.2911.01(A)(1).
Browner filed a Motion to Suppress asserting that the photo array identification was unreliable because it was unduly suggestive. On November 19, 1999, the trial court held a hearing on Browner's motion. The trial court denied Browner's motion and the matter proceeded to a jury trial where Browner was found guilty as charged.
Browner filed a timely notice of appeal and assigns two errors.
ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE IDENTIFICATION OF THE APPELLANT.
 ASSIGNMENT OF ERROR NO. II
 THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
OPINION
I.
In his First Assignment of Error, Browner argues that the trial court should have suppressed the victim's identification of him because it was the product of an impermissibly suggestive photo array. He asserts that the array contained two pictures with light backgrounds and four pictures with green backgrounds. Browner's photo was the only one that had a white background. Further, the array contained one bald person and "possibly two more."
An appeal of a trial court's ruling on a motion to suppress evidence involves mixed questions of law and fact. Initially, we note that in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. See State v. Robinson
(1994), 98 Ohio App.3d 560, 649 N.E.2d 18; State v. Rossiter (1993),88 Ohio App.3d 162, 623 N.E.2d 645; State v. Lewis (1992),78 Ohio App.3d 518, 605 N.E.2d 451; State v. Warren (Aug. 12, 1991), Hocking App. No. 90CA7, unreported. Thus, the credibility of witnesses during a motion to suppress evidence hearing is a matter for the trial court. A reviewing court should not disturb the trial court's findings on the issue of credibility. See State v. Mills (1992), 62 Ohio St.3d 357,582 N.E.2d 972; State v. Fanning (1982), 1 Ohio St.3d 19, 437 N.E.2d 583. Accordingly, in our review we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. See State v. Harris (1994), 98 Ohio App.3d 543, 649 N.E.2d 7.
Generally, identification testimony is properly admitted unless the identification procedure was so impermissibly suggestive that there was a substantial likelihood of irreparable misidentification. See Simmons v.United States (1968), 390 U.S. 377, 88 S.Ct. 967; State v. Barnett
(1990), 67 Ohio App.3d 760, 588 N.E.2d 887; State v. Hill (1987),37 Ohio App.3d 10, 523 N.E.2d 885. The court must consider the totality of the circumstances surrounding the identification. See Stovall v.Denno (1967), 388 U.S. 293, 87 S.Ct. 1967; Foster v. California (1969),394 U.S. 440, 89 S.Ct. 1127; United States v. Burgos (C.A.4, 1995),55 F.3d 933; State v. Fanning, 1 Ohio St.3d at 20, 437 N.E.2d at 584, citing State v. Jackson (1971), 26 Ohio St.2d 74, 269 N.E.2d 118, paragraph two of the syllabus. In Neil v. Biggers (1972), 409 U.S. 188,199-200, 93 S.Ct. 375, 382, the United States Supreme Court set forth the following factors to be considered in examining an identification procedure and its impact:
* * *
 Whether under the `totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive. As indicated by our cases, the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.
* * *
See, also, State v. Jells (1990), 53 Ohio St.3d 22, 27, 559 N.E.2d 464,469.
Before the out-of-court identification testimony is suppressed, the trial court must find that the procedure employed was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification. See Barnett, supra. See, also, State v. Hill,37 Ohio App.3d at 14, 523 N.E.2d at 888; State v. Blackwell (1984),16 Ohio App.3d 100, 474 N.E.2d 671. Moreover, although the identification procedure may have contained notable flaws, this factor does not, per se, preclude the admissibility of the identification. See State v. Merrill
(1984), 22 Ohio App.3d 119, 121, 489 N.E.2d 1057, 1060; State v. Moody
(1978) 55 Ohio St.2d 64, 67, 377 N.E.2d 1008, 1010-1011.
Reliability of the identification is the linchpin in determining the admissibility of the identification testimony. Factors affecting this reliability including the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. See Merrill,22 Ohio App.3d at 121-122, 489 N.E.2d at 1060-1061; Hill, 37 Ohio App.3d at 14,523 N.E.2d at 889; Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375. Thus, although the identification procedure is suggestive, as long as the challenged identification itself is reliable, it is admissible. See Manson v.Brathwaite (1977), 432 U.S. 98, 97 S.Ct. 2243; Moody, supra.
Where a suspect has been confronted by a witness before trial, that witness' identification of the suspect will be suppressed if the confrontation procedure was unnecessarily suggestive of the suspect's guilt and the identification was unreliable under the totality of the circumstances. See State v. Brown (1988), 38 Ohio St.3d 305, 310,528 N.E.2d 523, 532. The required inquiry is, therefore, two-pronged, with the first question to be asked being whether the initial identification procedure was unnecessarily or unduly suggestive. Merely because a specific procedure is unnecessarily suggestive does not per se
render the challenged identification inadmissible. See Manson, supra, andMoody, supra; Merrill, supra. The focus then shifts to reliability,i.e., whether the out-of-court suggestive procedure created a very substantial likelihood of misidentification. See Simmons v. UnitedStates (1968), 390 U.S. 377, 88 S.Ct. 967.
In applying the two-prong test above to the facts, sub judice, we find that the victim/witness, Ricky Bradley, described the robber as "like bald in the front and short hair." When assembling the array, the police were not required to insert only baldheaded men because hairstyles may change. One may be bald one week and have at least some hair the next. Further, the fact that Browner's photo was the only one with a white background did not make the presentation impermissibly suggestive because there is no evidence that the officer showing the array attached any special significance to the background color or steered the viewers of the array toward an identification of Browner solely on the basis of the background. Moreover, we note that the victim, Ricky Bradley, initially identified Browner in a public park two days after the robbery and before ever being shown a photo array. Thus, we find that the photo array from which Browner was identified was not impermissibly suggestive and the trial court did not err by failing to grant Browner's motion to suppress.
Accordingly, Browner's First Assignment of Error is OVERRULED.
 II.
In his Second Assignment of Error, Browner argues that his conviction is not supported by the manifest weight of the evidence. While a "sufficiency" challenge tests whether a state's case is legally adequate to go to the jury, a "weight" of the evidence argument concerns the "rational persuasiveness" of the evidence and tests whether the evidence was enough to sustain the state's burden of proof. See State v.Thompkins (1997), 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541, 546.
This court's role in a manifest weight of the evidence inquiry is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction."State v. Getsy (1998), 84 Ohio St.3d 180, 193, 702 N.E.2d 866, 882. To make this determination, we must "review the record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted."State v. Stepp (1997), 117 Ohio App.3d 561, 567, 690 N.E.2d 1342, 1347. If the record contains substantial evidence upon which a trier of fact could conclude that the state proved its case beyond a reasonable doubt, we will not reverse a conviction. See Getsy, 84 Ohio St.3d at 193-194,702 N.E.2d at 882-883; State v. Eskridge (1988), 38 Ohio St.3d 56,526 N.E.2d 304, paragraph two of the syllabus.
Even though a manifest weight of the evidence challenge requires us to review the record and weigh the evidence, our review is tempered by the principle that questions of weight and credibility are primarily for the trier of fact. See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus; State v. Garrow (1995),103 Ohio App.3d 368, 371, 659 N.E.2d 814, 816.
Ricky Bradley, the victim, testified that, on August 10, 1999, Browner came into the Ashland Mart to buy beer. Bradley stated that Browner did not have enough money for the purchase and left the store, returning five minutes later. Bradley testified that Browner poked him in the back with a knife forcing him to open the cash drawer then ran from the store. Bradley testified that two days after the robbery he saw Browner in a park close to the Ashland Mart and notified police. Bradley testified that he later identified Browner from a police photo array. Bradley also identified Browner in court as the individual who robbed the Ashland Mart.
Angie Stone testified that she saw a man running from the Ashland Mart very fast on August 10th around the time of the robbery. She identified Browner in court as the man she saw running that night.
Harold White, Jr. testified that on the night of the robbery a man who had previously introduced himself to White as "Pito" told White that he was going to rob the Ashland Mart. White further testified that a few days later he was shown a police photo array and identified the man he knew as "Pito." In court, White identified Browner as the man he knew as "Pito."
In this case, the jury found the witnesses and testimony presented by the state to be credible and convicted Browner based upon their testimony. We refuse to second-guess a jury's determination of witnesses' credibility when the jury was able to observe the witnesses firsthand. To do so on this record would be an inappropriate usurpation of the jury's role.
We overrule Browner's Second Assignment of Error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Abele, P.J., and Harsha, J. Concur in Judgment and Opinion as to Assignment of Error II; Concur in Judgment Only as to Assignment of Error I.