THE STATE OF OHIO, APPELLANT, *v.* MEEK, APPELLEE.

[Cite as State v. Meek (1978), 53 Ohio St: 2d 35.]

(No. 76-1374—Decided February 1, 1978.)

*Mr. L. Craig Hallows,* for appellant.
*Mr. Michael A. Baer,* for appellee.

O'NEILL, C. J.   The single issue to be determined in this appeal is whether the use of the unloaded gun in the robbery supports appellee's conviction for aggravated robbery.

R. C. 2911.01 delineates the elements of aggravated robbery as follows:

"(A) No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

"(1) Have a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code on or about his person or under his control:

"(2) Inflict, or attempt to inflict serious physical harm on another."

The evidence in this cause shows that in the commission of the theft, a gun was on or about the person and under the control of one of the offenders. Thus, the only element of the offense of aggravated robbery at issue in this cause is whether the unloaded gun used in the robbery was a "deadly weapon."

R. C. 2923.11 provides, in part:

"As used in sections 2923.11 to 2923.24 of the Revised Code:

"(A) 'Deadly weapon' means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

It is undisputed that the gun in issue here is an instrument designed for use as a weapon. The pertinent

question is whether the failure of the record to establish that the gun was loaded so affects its character that it may not be considered to be a deadly weapon.

The authorities appear to be split on whether the use of an unloaded gun in a robbery will subject the robber to conviction for aggravated robbery, or a similar offense carrying an enhanced penalty. See annotation, 79 A. L. R. 2d 1412.

The better view, in the opinion of this court, is that the use of an unloaded gun in the course of a robbery subjects the robber to conviction for aggravated robbery. This court, therefore, reverses the Court of Appeals.

The appellate court, in concluding that failure of proof that the weapon was capable of inflicting death precluded a finding of aggravated robbery, quoted the following rationale from a concurring opinion in an earlier case in that court (*State* v. *Sain*, No. 5049, unreported, August 31, 1976):

" * * * Aggravated robbery requires evidence of possession of a deadly weapon, one capable of inflicting death. The deadly nature or capability of the weapon is an essential issue under this subsection of aggravated robbery.

" * * *

"The new criminal code eliminated the fear test as an element in aggravated robbery and substituted the necessity for the actual presence of a deadly weapon as the source of the actual or potential harm to the person of the victim. This change in the essence of the offense by the legislature imposed a necessity for evidence from which the jury may reasonably find that the gun is loaded and that it is capable of inflicting death."

Although it is true that the present code section on aggravated robbery, R. C 2911.01, differs from former R. C. 2901.13, in that the latter provided that "putting in fear" of the victim "while armed with a pistol, knife or other dangerous weapon" constituted armed robbery, that difference does not dictate a conclusion that the "essence of the offense" was changed.

38

The use of a gun in a robbery inevitably places the victim in a position of likely harm. "A gun is commonly known, regarded and treated by society as a dangerous device by both the reasonable man and the person at whom it is pointed, without pause to determine whether a round is in the chamber. The primary capacity of a gun to harm—by the discharge of a bullet from the muzzle—plus its apparent capacity to carry out that harm, combined with a highly charged atomsphere and the possibility of action by employees or others to prevent the robbery, is a complex of circumstances in which the person on the scene is in jeopardy of harm which may occur in any one of various ways." *Baker* v. *United States* (C. A. 5, 1969), 412 F. 2d 1069, 1071, certiorari denied 396 U. S. 1018.

The reasoning of the *Baker* case was followed and elaborated upon by the Supreme Court of Louisiana in *State* v. *Levi* (1971), 259 La. 591, 250 So. 2d 751, wherein the court stated at page 595:

"In making robbery with a dangerous weapon an aggravated offense with severe penalities, LSA-R. S. 14:-64 was designed to deter robbery fraught with danger of serious physical harm, not only to the victim, but to any person at the scene. In such a robbery, harm may occur to the victim, to the culprit, or to a third party. It can occur in various ways. The victim may be shot or struck with the weapon by the culprit. The culprit may be shot or struck by the victim or a third party. A third party may be shot or struck by the culprit, the victim, or another third party. The highly charged atmosphere at the scene of the pistol-robbery is conducive to violence, whether the pistol is loaded or unloaded, workable or unworkable." See, also, *State* v. *Montano* (1961), 69 N. M. 332, 367 P. 2d 95.

A holding that the use of an unloaded gun by a robber does not support a conviction for aggravated robbery " '* * * would be practically to render the statute unenforceable.' * * * To require the State to prove that the instrumentalities used by the robbers in accomplishing a

robbery, such as revolvers * * *. which ordinarily are so used only when loaded and capable of dealing out injury and death, are in fact what they purport to be from the very nature of the use made of them by the robbers, would defeat the object and purpose of * * * [the statute] because it is quite unusual to apprehend the robbers in the act and before they have had an opportunity to carry away with them from the scene of the crime the weapons used by them to effect its perpetration." *State* v. *Kowertz* (1930), 324 Mo. 748, 754, 25 S. W. 2d 113.

The language of R. C. 2923.11(B) is indicative of the fact that the General Assembly did not intend that a conviction for aggravated robbery require proof that the weapon used be loaded. That section provides:

" 'Firearm' means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. *'Firearm' includes an unloaded firearm*, and any firearm which is inoperable but which can readily be rendered operable." (Emphasis added.)

It is the conclusion of this court that a gun which is "capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellent" and which is used by a robber in the perpetration of a robbery is, as a matter of law, a "deadly weapon," whether it is loaded or unloaded; and that proof of the use of such an unloaded weapon by the robber in the course of a robbery supports a conviction of the offense of aggravated robbery under R. C. 2911.01.

The judgment of the Court of Appeals, insofar as it remanded the cause to the trial court for modification of that court's judgment and for resentencing, is reversed.

*Judgment reversed.*

HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and POTTER, JJ., concur.

POTTER, J., of the Sixth Appellate District, sitting for LOCHER, J.