THE STATE OF OHIO, APPELLANT, *v.* TATE, APPELLEE.

(No. 77-872—Decided June 28, 1978.)

---

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George J. Sadd,* for appellant.

*Messrs. Koblentz & Koblentz* and *Mr. Richard S. Koblentz,* for appellee.

*Per Curiam.* The controlling issue is presented by the following accurate summary of the evidence of the case which appears in the opinion of the Court of Appeals.

"* * * the State presented direct evidence that the appellant pointed a gun at Officer Munaretto. This evidence was disputed by the testimony of the appellant and Sandra Tate [estranged wife of the appellee]. * * * From the direct evidence presented the jury could conclude that the appellant did point a gun at the police officer.

"The evidence that the gun was empty, however, was totally undisputed. Both the State and the defense presented testimony that the gun was not loaded at the time that the appellant pointed it at the officer. Also undisputed was the fact that the appellant did not attempt to pull the trigger. Additionally, the appellant's testimony that he knew the gun was empty was not refuted by the State."

The Court of Appeals concluded that "* * * the State failed to present sufficient evidence on all of the elements of felonious assault such that a jury of reasonable persons could find beyond a reasonable doubt that the appellant knowingly attempted to cause physical harm to Officer Munaretto by means of a deadly weapon."

R. C. 2903.11, in pertinent part, provides:

"(A) No person shall knowingly:

"(1) Cause serious physical harm to another;

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code."

A deadly weapon is defined in R. C. 2923.11(A) as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

A dangerous ordnance is defined in part as "any auto-

matic or sawed-off firearm, or zip-gun." R. C. 2923.11(J)
(1); see, also, R. C. 2923.11(K).

The record in the instant cause does not establish that
the gun used was an automatic firearm or a sawed-off fire-
arm or zip-gun.

The question to be determined by this court may be
stated thus: Did the state present sufficient evidence to
prove beyond a reasonable doubt all the elements of the
crime of felonious assault where the record demonstrates
that the accused pointed a gun at another person, but it is
undisputed that the gun was unloaded, that the accused
knew it was unloaded, and that the accused made no at-
tempt to pull the trigger or to use the weapon in any other
manner as a deadly weapon?

There is no contention by the defendant that he did not
know what he was doing when he pointed the gun at Officer
Munaretto. The jury could find from the evidence present-
ed that the defendant acted knowingly when he pointed the
gun at the officer.

Thus, the only element of the offense of felonious as-
sault at issue in this cause is whether the unloaded gun
used in the assault was a "deadly weapon."

That question was determined by this court in *State* v.
*Meek* (1978), 53 Ohio St. 2d 35, where the court held that
an unloaded gun used in the course of a robbery was a
"deadly weapon." Since an unloaded gun used in a rob-
bery has been determined to be a "deadly weapon," an
unloaded gun used in an assault is likewise a "deadly
weapon."

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, P. BROWN, SWEENEY and
LOCHER, JJ., concur.

CELEBREZZE and W. BROWN, JJ., dissent.

CELEBREZZE, J., dissenting. Conspicuous by its ab-
sence is any reference, within the majority opinion, to evi-

dence tending to prove the second element of the offense of felonious assault, viz., to cause or attempt to cause physical harm.

The majority concedes that the gun was unloaded, that appellee knew it was unloaded, and that no attempt was made to pull the trigger or to use the gun as a bludgeon. Thus, it would seem that appellee did not knowingly intend to cause physical harm, did not in fact cause physical harm, and did not commit a direct ineffectual act toward that result.

Certainly appellee's behavior was criminal and warrants punishment. However, I cannot fairly vote to uphold the conviction on the instant charge since the prosecution failed to prove a central element of that crime. In my opinion appellee should have been charged under R. C. 2903.21, the aggravated menacing statute, which section proscribes knowingly causing another to believe that the offender will cause serious physical harm to that person. Although appellee's conduct fits squarely within the definition of that crime, aggravated menacing is not a lesser included offense with regard to felonious assault (See *State* v. *Beaty* [1975], 45 Ohio App. 2d 127), and therefore appellee should be discharged from custody. Accordingly, I dissent from the opinion of the majority.

W. Brown, J., concurs in the foregoing dissenting opinion.