THE STATE OF OHIO, APPELLEE, *v.* ZACKERY, APPELLANT█

(No. C-860182 — Decided January 30, 1987.)

*Arthur M. Ney, Jr.*, prosecuting attorney, *Paul R. Markgraf* and *William L. Ranaghan*, for appellee.

*Richard J. Goldberg*, for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.[1]

This timely appeal follows appellant's conviction by jury of felonious assault, in violation of R.C. 2903.11. Appellant was also found guilty, in a separate hearing, of the specification that appellant had previously been convicted of an offense substantially equivalent to a felony of the first degree.

The principal question is whether there was sufficient evidence to sustain appellant's conviction of felonious assault with a deadly weapon under R.C. 2903.11(A)(2).

The twenty-year-old female victim testified that appellant approached her with a knife as she was walking on Paddock Road. Appellant showed the knife to the victim, stating that if she was quiet she would not be hurt. A struggle ensued. Appellant pushed the victim into the street, pounding her head into the pavement several times. Following the attack, appellant ran in the direction of the Pauline Warfield Lewis Center ("Center"). A police officer and another witness observed the struggle between appellant and the victim. Both the officer and the other witness stated that at no time did they observe a knife in appellant's hand. Appellant was subsequently arrested on the grounds of the Center, where police also found a knife.

Appellant was charged with two counts of felonious assault. Count one alleged that appellant knowingly caused or attempted to cause physical harm to the victim by means of a deadly weapon. R.C. 2903.11(A)(2). Count two alleged that appellant knowingly caused or attempted to cause serious physical harm to the victim. R.C. 2903.11(A)(1). Both counts contained the specification that appellant had previously been convicted of an offense substantially equivalent to an aggravated felony of the first degree.

At trial, the victim testified that she required four to six stitches to close a cut on the back of her head. She has a scar in her hairline area. The victim also stated that she was experiencing some pain at the time of trial. Both the police

---

[1] This court has *sua sponte* removed this case from its accelerated calendar and placed it on the court's regular calendar.

officer and the other witness stated that the victim was bleeding after the attack.

Following the state's case, appellant made a Crim. R. 29 motion for acquittal, which the trial court overruled. Appellant presented no evidence. Appellant submitted written requests for jury instructions on separate facets of the lesser included offense of assault, which the trial court refused to give to the jury. Appellant was found guilty on both counts, but was sentenced only on count one, involving the deadly weapon. After finding appellant guilty of the specification, the trial court sentenced appellant to a term of twelve to fifteen years, with twelve years of actual incarceration.

Appellant presents four assignments of error. We will deal first with appellant's second assignment of error, which alleges:

"The trial court erred in overruling the defendant-appellant's Rule 29 motion to dismiss count one."

In support of this claim, appellant argues that there was no evidence that he caused or attempted to cause[2] physical harm to the victim with the knife.

In opposition, the prosecution maintains that the evidence adduced at trial was sufficient to prove that appellant knowingly attempted to cause physical harm to the victim with the knife. The state cites *State* v. *Tate* (1978), 54 Ohio St. 2d 444, 8 O.O. 3d 441, 377 N.E. 2d 778, in which the defendant pointed an unloaded gun at a police officer. The *Tate* court held that the defendant's conduct constituted an attempt to cause physical harm by means of a deadly weapon even though the gun was unloaded, the defendant knew the gun was unloaded, and the defendant made no attempt to pull the trigger or use the gun in any other manner as a deadly weapon.

We conclude that the holding in *Tate* controls the instant case. Since *Tate* held that pointing an unloaded gun constituted a violation of R.C. 2903.11 (A)(2), *viz.*, an attempt to cause physical harm, so also may brandishing a knife (as occurred here) be found to constitute an attempt to cause physical harm. The second assignment of error is overruled.

We now turn to appellant's first assignment of error which alleges:

"The trial court erred to the prejudice of the defendant-appellant in failing to give the requested instructions upon assault as a lesser included offense to felonious assault."

Appellant argues under this assignment that he was entitled to a jury instruction on the lesser included offense of assault as the jury could have found that the victim sustained only physical harm as opposed to serious physical harm.[3]

---

[2] We note that R.C. 2903.11(A)(2), 2903.12(A)(2) and 2903.13(A) contain the language "cause or attempt to cause" physical harm. This language elevates an attempt to harm another person to the same degree of culpability as the offense itself. This feature is in contrast with all other Ohio offenses, because the standard approach is to treat an attempt as an offense of the next lesser degree than the offense attempted. R.C. 2923.02(E).

[3] R.C. 2901.01(C) provides:

"(C) 'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration."

R.C. 2901.01(E) provides:

"(E) 'Serious physical harm to persons' means any of the following:

"(1) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

"(2) Any physical harm which carries a substantial risk of death;

"(3) Any physical harm which involves some permanent incapacity, whether partial or total, or which involves some temporary, substantial incapacity;

"(4) Any physical harm which involves some permanent disfigurement, or which in-

We overrule the first assignment of error because even if defendant was entitled to a jury instruction on assault as a lesser included offense of count two (charging a violation of R.C. 2903.11 [A][1]), he was neither prejudiced by this failure nor entitled to raise it on appeal, because he was sentenced only under count one. Otherwise stated, no error lodged solely in the guilty verdict under count two can serve as a reason for reversing the judgment below because that judgment is grounded only on the guilty verdict under count one.

Appellant's third and fourth assignments of error allege that appellant's conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. The assignments of error are overruled as to both counts, because there was substantial evidence upon which a jury could reasonably conclude that the state proved beyond a reasonable doubt all the essential elements of both counts. See *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132. Further, we cannot say the jury clearly lost its way when it found defendant guilty of both counts. See *State* v. *Martin* (1983), 20 Ohio App. 3d 172, 20 OBR 215, 485 N.E. 2d 717.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., and KEEFE, J., concur.

BLACK, J., dissents.

BLACK, J., dissenting. I respectfully dissent. I am of the opinion that the prosecution failed to prove any *attempt* to cause the victim physical harm, because I am convinced that *State* v. *Tate* (1978), 54 Ohio St. 2d 444, 8 O.O. 3d 441, 377 N.E. 2d 778 (hereinafter *"Tate"*) does not control the issues in the present case. Defendant should be discharged from count one and the case should be remanded because he was entitled to a jury instruction on assault as a lesser included offense of felonious assault as charged under count two.

The use defendant made of the knife is summarized in the majority opinion at page 264 above. I believe that at best, the knife was used to *threaten* the victim, not in an *attempt* to cause her physical harm. Both the police officer and the other witness testified that they did not see a knife in appellant's hands at any time throughout the struggle. The victim testified that the knife never touched her. Further, the record reveals that appellant did not swing or strike at the victim with the knife. It is undisputed that the physical harm suffered by the victim was the result of her head striking the pavement and not the result of any attack with the knife.

I distinguish *Tate* on the facts. The deadly weapon used in *Tate* was a firearm, while the weapon in the instant case is a knife. The Ohio Supreme Court noted the unique nature of firearms when it stated in *State* v. *Meek* (1978), 53 Ohio St. 2d 35, 7 O.O. 3d 121, 372 N.E. 2d 341, citing *Baker* v. *United States* (C.A. 5, 1969), 412 F. 2d 1069, 1071-1072, certiorari denied (1970), 396 U.S. 1018:

" '* * * A gun is commonly known, regarded and treated by society as a dangerous device by both the reasonable man and the person at whom it is pointed, without pause to determine whether a round is in the chamber. * * *' " 53 Ohio St. 2d at 38, 7 O.O. 3d at 123, 372 N.E. 2d at 343.

In addition, the legislature has acknowledged the inherently dangerous

---

volves some temporary, serious disfigurement;

"(5) Any physical harm which involves acute pain of such duration as to result in substantial suffering, or which involves any degree of prolonged or intractable pain."

character of firearms in two enactments: R.C. 2929.71(A), which provides for an enhanced penalty of three years' actual incarceration for an offender convicted of a specification alleging he had a firearm on or about his person or under his control during the commission of a felony; and R.C. 2951.02(F)(3), which denies probation or suspension of sentence, if the offense was not a violation of R.C. 2923.12 and was committed while the offender was armed with a firearm (or dangerous ordnance). Cf. *State* v. *Kline* (1983), 11 Ohio App. 3d 208, 11 OBR 330, 464 N.E. 2d 159 (wherein the Court of Appeals for the Sixth District held that the *Tate* decision dealt primarily with the meaning of the phrase "deadly weapon ·or dangerous ordnance" and not with the issue of whether there was sufficient evidence of an *attempt* by the defendant to cause physical harm by means of a deadly weapon).

I would hold that the trial court erred in overruling appellant's Crim. R. 29 motion as to count one because there was no evidence that appellant caused or attempted to cause physical harm to the victim with the knife. Appellant's second assignment of error should be sustained.

Because I would discharge defendant under count one for failure of proof, the charge made in count two, the evidence adduced by the prosecution thereunder, and the court's jury instructions on that count must be examined.

Count two of the indictment alleged that appellant knowingly caused *serious physical harm* to the victim. R.C. 2903.13, the assault statute, provides in pertinent part:

"(A) No person shall knowingly cause or attempt to cause *physical harm* to another.

"(B) No person shall recklessly cause serious physical harm to another." (Emphasis added.)

In *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382, 388, 18 O.O. 3d 528, 532, 415 N.E. 2d 303, 308, the Supreme Court stated:

"* * * If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to [the] defendant."

The record reveals that appellant pounded the victim's head into the pavement several times. At trial, the victim testified that she required four to six stitches to close the cut on her head, and that she was in some pain at the time of trial for which she took aspirin. She has a scar in the area of her hairline. Both the police officer and the other independent witness testified that she was bleeding following the attack. However, the victim was not rendered unconscious; in fact, she walked about after the incident. She received no medical treatment other than the treatment in the emergency room immediately following the incident. I believe that the trier of fact could reasonably find that these injuries constitute "physical harm" as opposed to "serious physical harm." Therefore, appellant was entitled to a jury instruction on the lesser included offense of assault.

Appellant also argues that the trier of fact could reasonably find that his actions were reckless and not knowingly accomplished. R.C. 2903.13(B). I disagree, for the reason that I believe the trier of fact could not reasonably find that appellant acted recklessly.

Appellant's first assignment of error should be sustained for the reason that the trier of fact could reasonably find that the victim suffered "physical harm" as opposed to "serious physical harm."

I concur with my brothers that the third and fourth assignments of error

are without merit and should be overruled insofar as they are directed to count two.

I would reverse the judgment below, discharge the appellant under count one of the indictment, and remand the case for further proceedings under count two of the indictment.