OPINION
Defendant-appellant, Maurice J. Howard, Jr., appeals his conviction for felonious assault raising claims of plain error, ineffective assistance of trial counsel, manifest weight, and sufficiency of the evidence. For the reasons that follow, we affirm.
On July 2, 1998, appellant and co-defendant, Robert Landrie, were indicted on one count of involuntary manslaughter, one count of aggravated robbery, and one count of felonious assault. All charges related to the attack, robbery, and homicide of David Sharon on June 23, 1998. Sharon had been found, beaten and stabbed to death on the side of McGuffey Road, in Columbus, Ohio. A third person, Shawndale Goddard, was separately indicted and pleaded guilty to murder. Appellant's co-defendant, Robert Landrie, pleaded guilty to felonious assault. A jury trial as to appellant's involvement in the crime commenced on May 24, 1999.
At trial, Robert Landrie testified under threat of contempt sanction by the trial court, that on the night in question, he and appellant were walking together toward the house of Landrie's brother, Michael Landrie, when they witnessed the victim walking down the street. Landrie and appellant, intending to rob the victim, both picked up bricks near the street and approached the victim. According to Landrie, appellant hit the victim in the face with the brick from a distance of approximately five-to-seven feet, causing the victim to stagger and fall down. Landrie dropped his brick, and Landrie and appellant ran to Michael Landrie's house. Landrie further testified that soon after arriving at the house, appellant left with Goddard, who was at the house, and that appellant subsequently returned with money. Finally, Landrie testified that appellant and Goddard again left and returned to the house together, this time announcing that the victim might be dead.
The state presented other witnesses, including Goddard's girlfriend, Misty Spurlock, who was at the house on the night in question, and Michael Landrie, Robert's brother. Spurlock testified that appellant, Goddard, and Robert Landrie all left and returned to the house together several times, that appellant stated that he had gotten money off of the victim, and that she heard someone state that they had "got him good." Likewise, Michael Landrie testified that appellant and Goddard exited and entered the house numerous times and that appellant essentially stated that he had robbed the victim.
Appellant testified in his own defense. He testified that it was Robert Landrie who initially struck the victim in the face with a rock and that appellant only hit the victim in the leg. Appellant further denied any involvement in any subsequent beating, robbing, or killing of the victim.
On June 2, 1999, the jury found appellant not guilty of involuntary manslaughter, aggravated robbery, and the lesser-included offense of robbery. The jury, however, found appellant guilty of felonious assault. By judgment entry filed August 3, 1999, the trial court sentenced appellant to seven years imprisonment. It is from this judgment entry that appellant appeals, raising the following three assignments of error:
ASSIGNMENT OF ERROR NUMBER I
 THE TRIAL COURT COMMITTED PLAIN ERROR IN ITS COERCIVE INSTRUCTION TO A WITNESS REGARDING THE CONSEQUENCES OF REFUSING TO TESTIFY AT TRIAL THEREBY DEPRIVING APPELLANT HIS RIGHT TO DUE PROCESS PROTECTIONS.
ASSIGNMENT OF ERROR NUMBER II
 COUNSEL WAS INEFFECTIVE, AND THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO INCLUDE A PROPER JURY INSTRUCTION FOR AIDING AND ABETTING THE OFFENSE OF FELONIOUS ASSAULT.
ASSIGNMENT OF ERROR NUMBER III
 APPELLANT WAS DENIED A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION IN THAT THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE CONVICTION, AND THE JUDGMENT ON THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his first assignment of error, appellant contends that the trial court committed plain error in compelling appellant's co-defendant, Robert Landrie, to testify against appellant. In particular, appellant contends that the trial court erred (and granted the prosecution an unfair advantage) by allowing the prosecution to inquire outside the presence of the jury as to Landrie's willingness to testify. Appellant also contends that the trial court committed plain error when it threatened Landrie with an overly coercive sanction of multiple six month sentences if he refused to testify. We disagree.
To constitute plain error, the error must be obvious on the record, palpable, and fundamental such that it should have been apparent to the trial court without objection. See State v.Tichon (1995), 102 Ohio App.3d 758, 767. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. State v. Waddell (1996),75 Ohio St.3d 163, 166. Notice of plain error is to be taken with utmost caution and under exceptional circumstances; it should be used only to prevent a manifest miscarriage of justice. State v.Phillips (1995), 74 Ohio St.3d 72, 83; State v. Ospina (1992),81 Ohio App.3d 644, 647.
Here, there was no obvious error in the trial court's treatment of Landrie. First, the record indicates that the prosecution's request to voir dire Landrie outside the presence of the jury was to avoid any possible allegation that the prosecution committed misconduct by calling a witness to the stand solely for the purpose of having that witness refuse to testify. See City ofWhitehall v. Zageris (Dec. 26, 1985), Franklin App. No. 85AP-55, unreported (trial court erred to the prejudice of defendant by allowing prosecutor to call and repeatedly question witness who invoked privilege against self-incrimination in front of jury); see, also, State v. Dinsio (1964), 176 Ohio St. 460, syllabus (it is prejudicial error for the trial court to permit prosecution to continue questioning a witness who properly claimed privilege against self-incrimination, which questions, left unanswered, create inferences of fact that could not otherwise be presented to the jury by direct testimony). Thus, while the prosecution's concern may have been unfounded in this context considering Landrie could not properly invoke any privilege against self-incrimination as to the assault on Sharon given his prior guilty plea, the trial court cannot be faulted for attempting to avoid any possible prejudicial impact to appellant of having his friend and co-defendant, who was with appellant on the night of the incident, refuse to testify in front of the jury. Appellant has cited no authority indicating that the trial court otherwise abused its discretion when it allowed the prosecution to voir dire Landrie outside the presence of the jury.
Similarly, it is not obvious that the trial court was precluded from imposing multiple six month prison terms if Landrie refused to testify. As the Ohio Supreme Court held in State v.Kilbane (1980), 61 Ohio St.2d 201, syllabus:
 Courts, in their sound discretion, have the power to determine the kind and character of conduct which constitutes direct contempt of court. In imposing punishment for acts of direct contempt, courts are not limited by legislation but have the power to impose a penalty reasonably commensurate with the gravity of the offense.
Here, Landrie's refusal to testify in defiance of the trial court's order would have constituted direct, criminal contempt. See Kilbane, supra. As such, the trial court was permitted to impose a determinate sentence commensurate with the gravity of the offense and was not required to allow Landrie to purge the contempt by testifying prior to the conclusion of the trial. Id.
While imposition of multiple, successive six month sentences might ultimately prove unreasonable in certain circumstances, the record in this case does not indicate that the trial court would have imposed an unreasonable contempt sanction against Landrie.
Even if the trial court had erred in its treatment of Landrie, appellant has failed to show how such errors created a manifest miscarriage of justice in appellant's trial. First, appellant does not explain how the decision to voir dire Landrie outside the presence of the jury prejudiced appellant, especially considering the jury was later told that Landrie was testifying under the threat of a contempt sanction. More importantly, Landrie, having already pleaded guilty to felonious assault for his participation in the events in question, was required to testify under the law, at least regarding the facts and circumstances surrounding the assault on Sharon. Appellant does not suggest that Landrie's testimony was tainted by the trial court's threatened sanction or that such testimony was otherwise improper or inadmissible.
Appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant contends that his trial counsel was ineffective for failing to request a special instruction regarding the offense of complicity to commit felonious assault. In particular, appellant contends that trial counsel was ineffective for failing to request a curative instruction informing the jury that mere presence of the defendant at the scene of the crime is not sufficient to prove complicity. Alternately, appellant contends that the trial court committed plain error in failing to give such an instruction.
In order to prevail on his claim of ineffective assistance of counsel under Strickland v. Washington (1984),466 U.S. 668, appellant must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." State v. Reynolds (1998),80 Ohio St.3d 670, 674. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."Strickland, supra, at 686. Thus, a two-part test is necessary to examine such claims. First, appellant must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. State v. Keith (1997), 79 Ohio St.3d 514,534. Second, appellant must show that, but for the counsel's errors, there is a reasonable probability that the results of the trial would be different. Id. "A reasonable probability is a probability sufficient to undermine the confidence in the outcome." State v. Carpenter (1996), 116 Ohio App.3d 615, 622. Finally, the burden of showing ineffective assistance of counsel is on the defendant. State v. Smith (1985), 17 Ohio St.3d 98.
Here, there was nothing erroneous in the trial court's complicity instruction. The trial court instructed the jury as follows:
 A COMPLICITOR OR AN AIDER AND ABETTOR IS ONE WHO ASSISTS OR ENCOURAGES ANOTHER PERSON TO COMMIT A CRIME AND PARTICIPATES IN THE COMMISSION OF THE OFFENSE BY SOME ACT OR SOME WORD OR SOME GESTURE. [Tr. Vol. VI, at 86.]
This instruction adequately informed the jury that an overt act in furtherance of the crime was required in order for appellant to be convicted as an aider and abettor. As such, the trial court was not required to specifically instruct the jury that "mere presence" alone is insufficient to support a finding of complicity. See State v. Luke (Feb. 1, 1999), Defiance App. No. 4-98-13, unreported (given trial court's otherwise correct complicity instruction, trial court did not err in failing to give instruction on "mere presence"); State v. Lewis (Feb. 13, 1991), Coshocton App. No. 90-CA-3, unreported (same); see, also, State v.Greene (July 25, 1994), Licking App. No. CA 93 46, unreported (no plain error in trial court's failure to give "mere presence or mere association" instruction).
Further, given that the trial court properly charged the jury on complicity, appellant cannot show that his trial counsel breached any professional duty owed to him in failing to object thereto or failing to seek additional instructions thereon. SeeState v. Scott (Sept. 27, 1990), Franklin App. No. 90AP-255, unreported. Appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant contends that his felonious assault conviction was not supported by sufficient evidence and was otherwise against the manifest weight of the evidence. We disagree.
Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, syllabus paragraph two, following Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Jenks, supra, at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. See Thompkins, supra, at 387.
Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. Id. at 387. In so doing, the court of appeals, sits as a "thirteenth juror" and after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id. (quoting State v. Martin [1983], 20 Ohio App.3d 172, 175); see, also, Columbus v. Henry (1995), 105 Ohio App.3d 545, 547-548. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'"Thompkins, supra, at 387.
Here, consistent with R.C. 2903.11, the jury was instructed that it could find appellant guilty of felonious assault only if it found beyond a reasonable doubt that appellant either: (1) knowingly caused serious physical harm to David Sharon; or (2) knowingly caused or attempted to cause physical harm to David Sharon by means of a deadly weapon, to wit: bricks or rocks. Appellant contends that the jury could not reasonably find either grounds for felonious assault. In particular, appellant contends that the medical or scientific evidence failed to firmly establish that any conduct of appellant caused serious physical harm to Sharon and that the testimony of Landrie indicating that appellant struck Sharon with a brick was not credible. We find neither of appellant's contentions persuasive.
First, the testimony of Robert Landrie alone was sufficient to support a finding of felonious assault under R.C.2903.11(A)(2), which only requires evidence that appellant causedor attempted to cause physical harm to Sharon by means of a deadly weapon. Landrie's testimony that appellant struck Sharon with a brick from a distance of approximately five-to-seven feet knocking Sharon to the ground was sufficient evidence to support appellant's conviction for felonious assault, regardless of whether such conduct caused serious physical harm to Sharon. SeeState v. Goble (1982), 5 Ohio App.3d 197, 199 (any injury, regardless of its gravity or duration, constitutes physical harm for purposes of felonious assault with a deadly weapon under R.C.2903.11[A][2]).
Further, we do not find that Landrie's testimony was so incredible as to make appellant's conviction against the manifest weight of the evidence. Having already pleaded guilty to felonious assault, Landrie had little incentive to lie on the witness stand. Moreover, Landrie's testimony that appellant struck Sharon with a brick was consistent with appellant's own statement to the police detectives on June 29, 1998, in which appellant admitted hitting Sharon with a rock "a little hard." (Tr. Vol. III, at 16.) Finally, in his testimony at trial, appellant admitted that he struck Sharon with a rock, albeit, in the leg.
As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, see [State v.] DeHass [(1967), 10 Ohio St.2d 230], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." State v.Nivens (May 28, 1996), Franklin App. No. 95APA09-1236, unreported. It was within the province of the jury to make the credibility decisions in this case. See State v. Lakes (1964), 120 Ohio App. 213,217 ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness"); see, also, State v.Harris (1991), 73 Ohio App.3d 57, 63 (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render the verdict against the manifest weight). Appellant's third assignment of error is not well-taken.
For the foregoing reasons, appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
PETREE and GLASSER, JJ., concur.
GLASSER, J., retired, of the Sixth Appellate District, assigned to active duty under the authority of Section6(C), Article IV, Ohio Constitution.