DECISION AND JUDGMENT ENTRY
Edward Michael McMillen appeals the sentence imposed upon him in the Vinton County Court of Common Pleas. McMillen asserts that his sentence is not "authorized by law," and therefore must be reversed. Because the sentences imposed upon McMillen do not exceed the maximum permitted by statute, and further because McMillen agreed to the sentence in the joint sentencing recommendation presented to the court pursuant to a plea agreement, we disagree. McMillen also asserts that the trial court erred in sentencing him on both abduction and attempted rape because the offenses are allied offenses of similar import. Because the record reflects that McMillen acted separately and with a separate animus as to the two offenses, we disagree. Accordingly, we overrule McMillen's assignments of error and affirm the judgment of the trial court.
The Vinton County Grand Jury indicted McMillen on eight counts, including one count of murder, five counts of kidnapping, one count of felonious assault, and one count of rape. Each count included a repeat violent offender specification pursuant to R.C. 2941.149 and a firearm specification pursuant to R.C. 2941.145. Additionally, one of the kidnapping counts and the rape count included a sexual motivation specification and a sexually violent predator specification, pursuant to R.C. 2941.147 and 2941.148. The state specifically accused McMillen of beating Tracy McMillen's brother in the head with a hammer; shooting and killing her father; holding Tracy and her son, her mother, her brother, and her cousin captive for several hours; and raping Tracy.
Pursuant to a negotiated plea agreement, McMillen pled guilty to involuntary manslaughter with a firearm specification, in violation of R.C. 2903.04(A) and R.C.2941.145, five counts of abduction in violation of R.C. 2905.02(A)(2), one count of felonious assault in violation of R.C. 2903.11(A)(1), one count of attempted rape in violation of R.C.2923.02(A) and 2907.02(A)(2), and repeat violent offender specifications on the involuntary manslaughter, felonious assault and attempted rape counts.
The parties filed a joint plea recommendation recommending twenty-three years on the involuntary manslaughter count and specifications, with ten years attributable to the principal offense, ten years attributable to the repeat violent offender specification, and three years attributable to the firearm specification. The parties recommended five years on each abduction count. Finally, the parties recommended eighteen years each on the felonious assault and attempted rape charges and specifications, with eight years each attributable to the assault and attempted rape, and ten years each attributable to the repeat violent offender specifications. The parties recommended that the twenty-three year term run consecutively to one five year term, with all remaining jail time to run concurrently, for a total prison term of twenty-eight years.
The trial court accepted McMillen's plea and adopted the joint sentencing recommendation. McMillen now appeals his sentence, asserting the following assignments of error:
 "The trial court erred by imposing additional terms for repeat violent offender status without making requisite findings.
 "The trial court erred in sentencing the defendant on both count 2, involving the abduction of Tracy McMillen, and count 8, involving the attempted rape of Tracy McMillen, because the offenses are allied offenses of similar import."
 II
In his first assignment of error, McMillen contends that the trial court erred by imposing the additional terms for repeat violent offender status without making the requisite findings. The repeat violent offender specification added ten years each to his involuntary manslaughter, felonious assault, and attempted rape convictions. McMillen notes that R.C. 2929.14(D)(2)(b) requires the court to make specific findings before it can impose additional penalties upon a repeat violent offender. McMillen contends that the trial court's failure to make such findings on the record renders his sentence invalid because the sentence is not authorized by law.
Because the trial court sentenced McMillen pursuant to a joint sentencing recommendation of the parties, R.C. 2953.08(D) applies. R.C.2953.08(D) provides:
 "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
McMillen does not dispute that he and the prosecution recommended his sentence jointly and that the sentencing judge imposed it. Thus, the only question before us is whether his sentence is authorized by law. A jointly recommended sentence is "authorized by law" if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose. State v. Benner (Aug. 1, 2001), Athens App. No. 00CA32; State v.Riley (June 12, 2001), Athens App. No. 00CA44; State v. Rogg (Mar. 13, 2001) Highland App. No. 00CA07. See, also, State v. Ruggles (Sept. 11, 2000), Clinton App. No. CA99-09-027; State v. Engleman (Aug. 18, 2000), Hamilton App. No. C-990845; State v. Gray (June 30, 2000), Greene App. No. 99-CA-103; State v. Kimbrough (Mar. 2, 2000), Cuyahoga App. Nos. 75642, 75643, 75644; State v. Amstutz (Nov. 8, 1999), Stark County App. No. 1999CA00104; State v. Byerly (Nov. 4, 1999), Hancock App. Nos. 5-99-26, 5-99-27; State v. Henderson (Sept. 27, 1999), Warren County App. No. CA99-01-002.
R.C. 2929.14(D)(2)(b) permits a court to impose an additional prison term of up to ten years upon a repeat violent offender specification. McMillen pled guilty to three repeat violent offender specifications. The sentences imposed by the trial court upon McMillen for the repeat violent offender specifications were additional prison terms of ten years. The sentences did not exceed the maximum that the statute permits. Therefore, McMillen's sentences for the repeat violent offender specifications were authorized by law.
Accordingly, we overrule McMillen's first assignment of error.
 III
In his second assignment of error, McMillen asserts that the trial court erred in sentencing him both on his conviction for the abduction of Tracy McMillen and on his conviction for the attempted rape of Tracy McMillen. McMillen contends that the two offenses are allied offenses of similar import.
McMillen did not raise this issue in the trial court. However, Crim.R. 52(B) provides that a plain error in the proceedings that affects substantial rights may be noticed even though it was not brought to the attention of the court. An appellate court that reviews a proceeding for plain error must examine the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if the error did not occur. State v. Slagle (1992), 65 Ohio St.3d 597. The Supreme Court of Ohio has cautioned that "notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice." State v.Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Our review is further limited in this case by R.C. 2953.08(D), which restricts our review to determining whether a jointly recommended and imposed sentence is authorized by law.
R.C. 2941.25 codifies the constitutional prohibition on double jeopardy. R.C. 2941.25 requires merger of the separate counts of an indictment for purposes of sentencing as follows:
 "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
"* * *
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
Thus, we follow a two-step test to determine whether two crimes with which a defendant is charged are allied offenses of similar import. Statev. Jones (1997), 78 Ohio St.3d 12, 13; State v. Blankenship (1988),38 Ohio St.3d 116, 117. In the first step, we compare the elements of the two crimes to determine whether they correspond to such a degree that the commission of one crime results in the commission of the other. In engaging in this comparison, we examine the statutorily defined elements of the offenses in the abstract, not in context of the particular facts of the case before us. State v. Rance (1999), 85 Ohio St.3d 632,paragraph one of the syllabus. If the two crimes do so correspond, the crimes are allied offenses of similar import and we must proceed to the second step. Id.; Blankenship at 117. In the second step, we review the defendant's conduct. If we find that the crimes were committed separately or that there was a separate animus for each crime, then the defendant may be convicted of both offenses. Rance at 639, citing Jones at 14; Blankenship.
Presuming without finding that abduction and attempted rape are allied offenses of similar import, we find that the record in the case at bar reveals that McMillen acted with a separate animus as to each crime. McMillen's abduction of Tracy McMillen exceeded the scope of time necessary to commit attempted rape. He held Tracy captive for several hours, during which time Tracy was mainly confined to her mother's bedroom with her mother, son, brother, and cousin. He took Tracy to a separate room during the attempted rape. The prolonged restraint of a victim beyond that which was necessary to commit the rape or attempted rape indicates that the perpetrator committed the offenses separately or with a separate animus as to each. See State v. Logan (1979),60 Ohio St.2d 126, syllabus.[2] Thus, McMillen committed the abduction and attempted rape of Tracy separately and with a separate animus as to each offense.
Accordingly, we overrule McMillen's second assignment of error, and we affirm the judgment of the trial court.
Judgment affirmed.
Harsha and Abele, JJ., concur in judgment and opinion.
[2] Logan involved kidnapping and rape. Because abduction is a lesser-included offense to kidnapping, see, e.g., State v. Goble (1982),5 Ohio App.3d 197, the case law discussing whether kidnapping and rape are allied offenses is instructive in this case.