[Cite as *State v. Bolling*, 2011-Ohio-2790.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95568**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROYCHEMERE A. BOLLING

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-536940

**BEFORE:** Celebrezze, P.J., Cooney, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 9, 2011

**ATTORNEY FOR APPELLANT**

Iverson M. Jackson
420 Lakeside Place
323 West Lakeside Avenue
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Oscar E. Albores
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., P.J.:

**{¶ 1}**   Appellant, Roychmere Bolling, appeals his conviction for domestic violence.   For the reasons outlined below, we affirm appellant's conviction.

**{¶ 2}**   On May 19, 2010, appellant was indicted on charges of kidnapping in violation of R.C. 2905.01(A)(3), a felony of the first degree; domestic violence in violation of R.C. 2919.25(A)(1), a misdemeanor of the first degree; intimidation of a crime victim or witness in violation of R.C. 2921.04(B), a felony of the third degree; and assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree.   On June 3, 2010, appellant entered a plea of not guilty and trial was set for August 9, 2010.

{¶ 3} Subsequently, appellant waived his right to a jury trial. At the close of all evidence, appellant moved for acquittal, which was granted as to Counts 1, 3, and 4, and denied as to Count 2, domestic violence. On August 10, 2010, the trial court found appellant guilty on the only remaining charge of domestic violence. Appellant was sentenced to three months of community control, ten hours of community service, a $200 fine, and anger management classes.

{¶ 4} Appellant and the alleged victim, Tiffany Crosby, had dated and lived together in Cleveland, Ohio. On November 5, 2009, appellant met Crosby at the Early Childhood Development Center, where Crosby was picking up her son from school. At that time, appellant confronted Crosby about an encounter she had with a previous boyfriend at a local bar. When Crosby attempted to disengage from appellant, he grabbed her scarf to prevent her from walking away. Appellant continued to hold Crosby by her scarf throughout the parties' argument. A teenage girl from the neighborhood witnessed the argument. Crosby saw the girl and asked her to take Crosby's son home from the school. Appellant then yelled at the girl, "If you go get her mother I'm going to kill her."

{¶ 5} On November 11, 2009, Crosby gave a voluntary statement regarding the November 5, 2009 incident to Detective Castillo of the domestic violence unit of the Cleveland police department. Based on this statement,

Det. Castillo conferred with the city prosecutor, and a warrant was issued for appellant's arrest.

## Law and Analysis

{¶ 6} Appellant appeals, citing two assignments of error:

{¶ 7} "I.    "The trial court erred in denying appellant's motion for acquittal on the domestic violence charge when the state failed to present sufficient evidence to sustain the conviction."

{¶ 8} "II.    "Appellant's conviction is against the manifest weight of the evidence."

{¶ 9} For the purposes of clarity and judicial economy, appellant's first and second assignment of errors will be discussed together.

{¶ 10} Appellant argues that there was insufficient evidence to support his conviction for domestic violence and that the conviction was against the manifest weight of the evidence.   He specifically contends that the state failed to present any evidence that he knowingly caused or attempted to cause physical harm to Crosby.

{¶ 11} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus.   Sufficiency is a test of adequacy.   Whether the evidence is legally sufficient to sustain a verdict is a question of law.   Id. at 386.   Weight

of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." (Emphasis deleted.) Id. at 387. Weight is not a question of mathematics, but depends on its effect in inducing belief. Id.

{¶ 12} When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court examines the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 13} A challenge to the manifest weight of the evidence attacks the verdict in light of the state's burden of proof beyond a reasonable doubt. *Thompkins* at 386–387. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id. at 387; *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652. The appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest

miscarriage of justice that the judgment must be reversed and a new proceeding ordered. *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

{¶ 14} Where a judgment is supported by competent, credible evidence going to all essential elements to be proven, the judgment will not be reversed as being against the manifest weight of the evidence. *State v. Mattison* (1985), 23 Ohio App.3d 10, 14, 490 N.E.2d 926. Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 15} To sustain appellant's conviction for domestic violence in violation of R.C. 2919.25(A), the state was required to prove that appellant knowingly caused or attempted to cause physical harm to Crosby.

{¶ 16} The definition of "knowingly" found in R.C. 2901.22(B) provides that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

{¶ 17} "'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). "The foregoing definition clearly mandates that any injury may constitute physical harm and that the gravity or duration of the injury is

not a factor for consideration." *State v. Bowens* (Aug. 3, 1998), Clermont App. No. CA98-01-009, citing *State v. Goble* (1982), 5 Ohio App.3d 197, 199, 450 N.E.2d 722.

{¶ 18} Generally, "[o]ne does not have to cause serious injury to be guilty of domestic violence." *State v. Blonski* (1997), 125 Ohio App.3d 103, 114, 707 N.E.2d 1168. Indeed, "[a] defendant may be found guilty of domestic violence even if the victim sustains only minor injuries, or sustains no injury at all." Id., citing *State v. Nielsen* (1990), 66 Ohio App.3d 609, 612, 585 N.E.2d 906.

{¶ 19} While we recognize that Crosby testified that she was not injured by the appellant and was "fine" when the police arrived at the scene, a violation of R.C. 2919.25(A) can also be demonstrated by a showing that appellant attempted to commit physical harm. *Hamilton v. Cameron* (1997), 121 Ohio App.3d 445, 700 N.E.2d 336. A criminal "attempt" is defined as an act that is a substantial step in a course of conduct planned to culminate in the commission of a crime. R.C. 2923.02(A).

{¶ 20} In the case at bar, the evidence demonstrates that in the midst of a heated argument, appellant intentionally and consciously grabbed Crosby by her scarf and prevented her from walking away. In fact, Crosby testified that appellant grabbed her in such a manner that she had to place her hands between her neck and the scarf in order to prevent herself from choking.

Appellant himself demonstrated his mindset at the time of the argument when he told the nearby teenage girl, "If you go get her mother I will kill her."

{¶ 21} Taking this information into consideration, we find that the totality of the circumstances indicate that appellant, in the least, knowingly attempted to cause physical harm to Crosby. Accordingly, appellant's conviction was supported by sufficient evidence.

{¶ 22} Additionally, we are unable to conclude that this is the exceptional case in which the evidence weighs heavily against the conviction. The state presented competent, credible evidence to support each element of the offense of which appellant was convicted. As stated, Crosby testified under oath that appellant abruptly grabbed her by her scarf to prevent her from walking away from him. She testified that the scarf was wrapped tightly around her neck due to the cold weather and that she kept her hand between her neck and scarf to prevent appellant from choking her. Further, a passerby heard appellant threaten to kill Crosby if her mother was summoned.

{¶ 23} In weighing the credibility of witnesses and the totality of evidence presented, appellant's conviction for domestic violence was not against the manifest weight of the evidence.

{¶ 24} Appellant's first and second assignments of error are without merit and are overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KENNETH A. ROCCO, J., CONCUR